# EXHIBIT A



# Service of Process Transmittal

02/25/2021
CT Log Number 539105495

| | |
|---|---|
| **TO:** | Jill Treddin<br>Fresenius Medical Care<br>920 Winter St Ste A<br>Waltham, MA 02451-1519 |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | Fresenius Medical Care - North America  (Assumed Name)  (Domestic State: DE)<br>Fresenius USA Manufacturing, Inc. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PARVANEH MARZBAN, Pltf. vs. FRESENIUS MEDICAL CARE NORTH AMERICA, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CL20210002326 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/25/2021 at 09:28 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/25/2021, Expected Purge Date: 03/02/2021 |
| | Image SOP |
| | Email Notification,  Sharon Taher  Sharon.Taher@fmc-na.com |
| | Email Notification,  Jennifer Rosa  Jennifer.Rosa@fmc-na.com |
| | Email Notification,  Jill Treddin  jill.m.treddin@fmc-na.com |
| | Email Notification,  Lisa Hovhannesian  lisa.hovhannesian@fmc-na.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of  2 / AK



# Service of Process Transmittal
02/25/2021
CT Log Number 539105495

**TO:** Jill Treddin
Fresenius Medical Care
920 Winter St Ste A
Waltham, MA 02451-1519

**RE:** **Process Served in Massachusetts**

**FOR:** Fresenius Medical Care - North America  (Assumed Name)  (Domestic State: DE)
Fresenius USA Manufacturing, Inc. (True Name)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

SPS

# COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Parvaneh Marzban vs. Fresenius Medical Care North America
CL-2021-0002326

TO: Fresenius Medical Care North America
Attn: CT Corporation System, Registered Agent
155 Federal Street Ste 700
Boston MA 02110

A TRUE COPY ATTEST 2/24/2021
Process Server & Disinterested Person

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on February 17, 2021.

JOHN T. FREY, CLERK

By: _____
Deputy Clerk

Plaintiff's Attorney: William Edward ReBrook

**VIRGINIA:**

IN THE FAIRFAX COUNTY CIRCUIT COURT

| | |
|---|---|
| PARVANEH MARZBAN, ) | Case No: **2021 0232** |
| *Plaintiff,* ) | |
| ) | Complaint for Common Law Wrongful |
| v. ) | Termination and Age Discrimination in |
| ) | violations of the Virginia Human Rights |
| FRESENIUS MEDICAL CARE NORTH ) | Act (VA. CODE ANN. § 2.2-3900). |
| AMERICA, ) | |
| *Defendant.* ) | JURY TRIAL DEMANDED |
| ) | |

FILED CIVIL INTAKE
2021 FEB 16 PH 12: 33
JOHN T. FREY
CLERK CIRCUIT COURT
FAIRFAX, VA

SERVE:  Fresenius Medical Care North America
Attn: CT Corporation System
*Registered Agent*
155 Federal Street, STE 700
Boston Massachusetts 02110

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, PARVANEH MARZBAN (hereinafter "Plaintiff"), by counsel, who files this Complaint against the Defendant, FRESENIUS MEDICAL CARE NORTH AMERICA (hereinafter "Defendant" or "FMCNA"), on the grounds and praying for relief hereinafter set forth:

**STATEMENT OF CASE**

1. This is a complaint for wrongful discharge in violation of public policy under the Virginia Human Rights Act.[1]

2. Plaintiff has exhausted all administrative procedures and attempted to settle this matter without court intervention.

---

[1] Virginia Human Rights Act. VA. CODE ANN. § 2.2-3900 (West 2011).

Complaint for Damages                                                                 Page 1 of 11
*Marzban v. FMCNA*

## JURISDICTION AND VENUE

3.  Jurisdiction is proper in this Court, pursuant to §17.1-513, §8.01-328.1(A)(1), § 8.01-328.1(A)(1), §8.01-328.1(A)(2) and §8.01-328.1(A)(3) of the Code of Virginia.

4.  Venue is proper in this Court, pursuant to § 8.01-260 and § 8.01-261 of the Code of Virginia.

## PARTIES

5.  Plaintiff is, at all times relevant hereto has been, a citizen of the Commonwealth of Virginia with her primary residence located at 8413 Silverdale Court, Lorton, Virginia 22079. At all times material hereto, Plaintiff was an employee of FRESENIUS MEDICAL CARE NORTH AMERICA ("FMCNA").

6.  On information and belief, Defendant FMCNA is, and at all times relevant hereto has been, an domestic subsidiary of its parent company, **Fresenius Medical Care AG & Co. KGaA**, an international company headquartered in Bad Homburg vor der Höhe, Germany.

7.  Domestically, FMCNA is, and at all times relevant hereto has been, a company organized in and existing under the laws of the State of Delaware with its domestic headquarters located at 920 Winter Street, Waltham, Massachusetts, 02451, and registered as a foreign corporation licensed to do business in the Commonwealth of Virginia.

8.  Plaintiff's former employer, **Fresenius Kidney Care Lorton**, is, and at all times relevant hereto has been, a division of FMCNA, located at 8986 Lorton Station Blvd Ste 100, Lorton, Virginia 22079.

9.  On information and belief, the registered agent for Defendant FMCNA is **CT Corporation System** located at 155 Federal Street, STE 700, Boston Massachusetts 02110.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff is a seventy-three ("73") year old Iranian-American woman and a registered nurse.

11. Defendant provides kidney dialysis services through a nationwide network of over 3,000 outpatient dialysis centers primarily treating patients with end-stage renal disease.

12. Plaintiff worked for Defendant from 1991 to 2019, first as acute care dialysis technician, then as a charge nurse, and finally, as a Clinical Manager for Defendant's clinic located in Lorton, Virginia.

13. Under Plaintiff's leadership, her unit was ranked first in the county for the past six ("6") years among over 3,000 Fresenius Dialysis Centers in the United States in quality care and core value grading.

14. In 2018, Plaintiff was recognized as the best Clinical Manager in Fresenius and received the highest achievement award that a Manager could receive in the company.

15. That same year, Plaintiff was recognized and honored for the aforementioned awards at a company-wide management meeting in Indiana.

16. In early December of 2018, Plaintiff donated some of her own money to a patient to repair his car so he could make it to his dialysis treatments.

17. Plaintiff informed the clinic's social worker, Cynthia Baylor, about her donation to the patient's car repair and requested that she assist the patient apply for the National Kidney Fund.

18. In late December 2018, Plaintiff's former Director of Operations and first-line Supervisor, Heidi Lowery, transferred to another department and was replaced by Ms. Angela Moore.

19. From the time of Ms. Moore's appointment as Director of Operations through the end of Plaintiff's employment with Defendant, the environment in which Plaintiff worked became progressively more hostile.

20. In meetings and in general conversation, Ms. Moore regularly discussed the personal affairs and confidential issues of other staff members.

21. On or about June 24, 2019, Plaintiff became badly ill, was hospitalized, and nearly died due to a gastrointestinal perforation.

22. Plaintiff underwent major surgery on July 2, 2019 and was not released from the hospital until July 12, 2019.

23. During her recovery, Plaintiff worked from home on her laptop while on FMLA leave and returned to work full-time on September 9, 2019.

24. On or about Sunday, October 6, 2019, Plaintiff's Supervisor, Angela Moore, texted Plaintiff ordering her to meet with her Defendant's Regional Vice President, Ms. Angela Markwell, the following morning at a local Starbucks Coffee.

25. At the meeting, Plaintiff was asked if she had donated money to a patient and whether or not she had completed her annual compliance training.

26. Plaintiff explained that she had not yet finished her annual compliance training due to having just returned from medical leave and since she had until December 2019 to complete it.

27. Ms. Moore and Ms. Markwell further told Plaintiff that the Corporate Compliance had informed staff that it was against policy to give patients money.

28. Plaintiff responded that she had given the patient money out of her own pocket and not with FMCNA funds.

29. Ms. Moore and Ms. Markwell told Plaintiff that not to give any of her money to patients in the future.

30. Ms. Moore and Ms, Markwell then changed the nature of the conversation and asked Plaintiff when she planned to retire.

31. Plaintiff responded that she had to have another surgery in four months, she would make the decision about retiring after her surgery, and that she had over 600 hours of sick leave accrued.

32. During the same October 7, 2019 meeting, Ms. Moore and Ms. Markwell told plaintiff that if she retired, they were not going to fill her position with a replacement.

33. On or about October 8, 2019, Plaintiff asked her social worker if she had informed Ms. Moore that Plaintiff had given a patient money, to which the social worker said "yes, I thought it was a good thing."

34. Plaintiff told the social worker that it was okay that she told Ms. Moore about Plaintiff's donation to the patient and that she only wanted to help the patient get to his dialysis appointments.

35. Sometime after this discussion, the social worker falsely reported to Ms. Moore that Plaintiff had harassed her in front of other employees.

36. On or about October 17, 2019, Ms. Moore came to Plaintiff's office and confiscated her keys, computer, and cell phone and said that HR would call her.

37. After several days of hearing nothing from HR, Plaintiff called HR herself and left messages.

38. HR did not bother returning Plaintiff's phone calls.

39. Plaintiff then attempted to contact Ms. Moore directly by calling her cell phone, but Ms. Moore did not answer or return the Plaintiff's calls.

40. On or about October 25, 2019, Plaintiff received a letter from Ms. Moore in the mail stating that she had attempted unsuccessfully to reach Plaintiff and that Plaintiff had been terminated on October 22, 2019.

41. The termination letter referenced the donation the Plaintiff had made to a patient and a supposed incident of sexual harassment – an allegation Plaintiff had never been informed of nor given a chance to defend herself against.

42. After three decades of loyal service, Plaintiff was never given corrective counseling, never given an opportunity to face her accuser, and never given a Performance Improvement Plan ("PIP").

43. Plaintiff was denied benefit of the Defendant's corporate due processes and procedures for performance improvement and to respond to allegations of supposed misconduct afforded to other employees prior to termination.

44. At no point during Plaintiff's employment with the Defendant was there a written policy prohibiting employees from donating their own funds to a patient or anyone else.

45. At no point after being told not to donate to patients by her supervisor or her Regional Vice President did Plaintiff disobey the directive.

46. To date, Plaintiff has not been compensated for her accrued sick leave.

47. The responsibilities of Plaintiff's former position have been turned over to a less decorated, less experienced employee who is more than three decades younger than Plaintiff.

48.     The 10 other Clinical Managers under Plaintiff's Direct Supervisor are all younger than Plaintiff and have all kept their jobs.

## COUNT I – WRONGFUL TERMINATION IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT - AGE DISCRIMINATION

49.     Plaintiff hereby incorporates by reference all allegations set forth in the preceding paragraphs as if fully stated herein.

50.     The Virginia Human Rights Act ("VHRA") protects persons within the Commonwealth from:

> [U]nlawful discrimination because of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, *age*, marital status, or disability, in places of public accommodation, including educational institutions and in real estate transactions; in employment; preserve the public safety, health and general welfare; and further the interests, rights and privileges of individuals within the Commonwealth.[2] (Emphasis added).

51.     In order to sufficiently plead a claim for a common law action for wrongful discharge (or termination) under the public policy exception, a plaintiff must allege that there is a statute that protects a class of persons and that Plaintiff was a member of the class which the statute was designed to protect.[3]

52.     A *prima facie* case of age discrimination can then be established by showing that the Plaintiff was performing her job satisfactorily or better, was involuntarily terminated, and that she was either replaced by a substantially younger employee with equal or inferior qualifications or

---

[2] VA. CODE ANN. § 2.2-3900 (West 2011)
[3] See *Bailey v. Scott-Gallaher, Inc.*, 480 S.E.2d 502, 505 (Va. 1997) (holding that the employer's discrimination against the plaintiff because she was a woman and a working mother was against public policy as embodied in the Virginia Human Rights Act).

discharged under circumstances otherwise giving rise to an inference of age discrimination.[4]

53.     The VHRA protects persons who are at least 40 years old from age discrimination.[5]

54.     Plaintiff is in her 70s, had received numerous accolades for her work as Clinical Manager, was involuntarily terminated, and her responsibilities were turned over to a much younger, less experienced, less decorated Clinical Manager.

55.     An inference of discrimination can be established by showing the employer had a continuing need for the employee's skills and services in that their various duties were still being performed or by showing that others not in their protected class were treated more favorably.[6]

56.     Defendant had a continuing need for Plaintiff's skills and services because her various job duties are still being performed by a younger, less experienced Clinical Manager.

57.     Moreover, Plaintiff's comparators similarly situated as Clinical Managers under Plaintiff's first-line Supervisor were all younger than Plaintiff, several were outside of the protected class, and all kept their jobs.

58.     Defendant's justifications for terminating Plaintiff are a mere pretext for their discriminatory actions in violation of the VHRA.

59.     Plaintiff's discharge happened shortly after Plaintiff was on extended medical leave for a major illness and major surgery and shortly before she was scheduled to get another major surgery for the same condition which would have forced her to take additional extended FMLA leave.

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
[5] VA. CODE ANN. § 2.2-3900 (West 2011).
[6] *McDonnell Douglas* at 792.

60. Defendant was aware of Plaintiff's medical condition and the fact that Plaintiff would soon be required to take additional extended FMLA leave, another illegal reason for Plaintiff's termination.

61. Defendant was also aware of Plaintiff's age, as indicated by her Regional Vice President and Supervisor's suspiciously timed inquiry into when Plaintiff would be retiring, connoting a premeditated attempt to terminate Plaintiff prior to her retirement.

62. Defendants' inquiry as to whether or not Plaintiff had completed annual compliance training two ("2) months before it was due is further evidence that Defendant was seeking to rationalize their planned discriminatory actions.

63. By and through its conduct and by condoning the conduct of its managers and supervisors, Defendant FMCNA discriminated against Plaintiff in Violation of the VHRA.

64. Defendant knew or should have known of the discriminatory conduct of its managers in termination one of Defendant's longest serving and nationally recognized employees.

65. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and will continue to suffer damages and is entitled to compensation for such damages in an amount to be proven at trial, but not less than the sum of $300,000.00 USD, plus pre-judgment interest.

WHEREFORE, Plaintiff demands judgment against the Defendant, FRESENIUS MEDICAL CARE NORTH AMERICA, as follows:

A. For an award of lost wages and benefits;
B. For compensatory damages for suffering endured by Plaintiff at the hands of the Defendant in an amount to be proven at trial, damages having an amount of approximately, but not limited to, **$300,000.00 USD**, plus pre-judgment interest;
C. For punitive damages at the maximum amount allowed by law;

D. For Plaintiff's costs, including reasonable attorney's fees;[7]

E. For such other and further relief as this Honorable Court deems fair and just;

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS SO TRIABLE.**

Dated: February 16, 2021

PARVANEH MARZBAN
*By Counsel.*

_____
W. Edward ReBrook, IV, Esquire, VSB #84719
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015
571.215.9006
Edward@ReBrookLaw.com
*Counsel for Plaintiff*

---

[7] Plaintiff is entitled to reasonable attorney's Fees under the Bad Faith Exception to the American Rule for Defendant's vexatious, willful, and wanton behavior as to do justice between the parties. The Virginia Supreme Court has recognized this exception where injury is wanton or malicious and exemplary damages are recoverable. See *Kemp v. Miller*, 166 Va. 661, 680, 186 S.E. 99, 106 (1936)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing complaint has been served by Private Process this 16th day of February, 2021 upon the Defendant, FMCNA, at the following addresses:

FMCNA
Attn: CT Corporation System
*Registered Agent*
155 Federal Street, STE 700
Boston Massachusetts 02110

W. Edward ReBrook, IV
*Counsel for Plaintiff*

SPS

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

## PROOF OF SERVICE

**Parvaneh Marzban**
    **Plaintiff**
**VS**

CL-2021-0002326
Subtype: Summons and Complaint
Serve: Fresenius Medical Care North America

**Fresenius Medical Care North America**
    **Defendant**

STATE OF _____

CITY/COUNTY OF _____, to wit:

This day _____ personally appeared before the undersigned Notary Public in and for the City/County and State aforesaid, and, having been first duly sworn according to law, deposes and states as follows: that he/she is not a party to, or otherwise interested in, the subject matter in controversy in the within cause, that he/she is over the age of 18 years; that on the ____ day of _____, 20___, at _____ o'clock ____.m. he/she served the within Complaint, in person, on the Defendant _____ at _____

_____

_____ and the Defendant is / is not a resident of the State of Virginia.

_____
    AFFIANT              TITLE

Subscribed and sworn to before me in my City/County and State aforesaid, this _____ day of _____, 20_____.

Notary ID #: _____

_____
NOTARY PUBLIC

My Commission expires:_____